# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BATSAIHAN PURVEEGIIN,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-07-1020 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **ALBERTO GONZALES, et al.,** | : |
| | : |
| Defendants. | : |

# M E M O R A N D U M

## I.   Introduction

Plaintiff, Batsaihan Purveegiin, formerly a detainee of the United States Bureau of Immigration and Customs Enforcement (BICE) at the Lackawanna County Prison, Pennsylvania, originally filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Columbia.  He commenced the action just prior to his removal by BICE to Mongolia.  Along with his complaint, he submits an application to proceed in forma pauperis in this action.  (Dkt. Entry 2.)  Named as Defendants are various federal government officials as well as Mongolian officials.  On April 26, 2007, the District of Columbia Court issued an Order construing the matter as a habeas corpus petition pursuant to 28 U.S.C. § 2241, and transferring the matter to this Court.  No decision was made with respect to the

pending request to proceed in forma pauperis.[1]

In reviewing Plaintiff's submission, as convoluted and confusing as it is, the Court believes that Plaintiff seeks to pursue civil rights claims, and does not challenge his former detention in his filing. While referring to his "illegal detention," he appears to do so only as part of the history in setting forth the alleged civil rights claims. While difficult to follow, the complaint alleges throughout general claims of cruel and unusual punishment, including torture, being treated as a slave and a lab rat, the denial of medical treatment, and being provided poisoned food. (Dkt. Entry 1, Compl. at ¶¶ 40, 54, 74.) He seeks declaratory, injunctive and monetary relief, and never requests relief sounding in habeas corpus. As such, the Clerk of Court will be directed to correct the docket to reflect this case as a civil rights action, and Plaintiff will be directed to file an amended complaint for the following reasons.

## II. Discussion

The Court is statutorily required to review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). This applies equally to

---

[1] Plaintiff is no longer a prisoner and resides in Mongolia. When he filed this action he submitted an outdated prisoner in forma pauperis application (Dkt. Entry 2) and failed to attach thereto a prison account balance statement. In an effort to move the case along, the Court will screen the complaint prior to making a determination on the filing fee issue. Plaintiff will be directed to either submit the full filing fee of $350.00 or complete the attached non-prisoner in forma pauperis form. If he fails to do so within the specified time period, this action will be dismissed without prejudice.

prisoner as well as nonprisoner in forma pauperis cases.  See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir. 2002); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002); Powell v. Pastir, et al., Civil Action No. 1:07-1408, slip op. at 1 (M.D. Pa. August 13 ,2007)(Kane, C.J.).

Plaintiff is proceeding pro se, and such parties are accorded substantial deference in federal court.  Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).

Plaintiff's complaint names nine (9) Defendants, federal officials and Mongolian officials, and contains numerous unrelated claims concerning various and unconnected matters. Further, while these federal officials are named, Plaintiff does not associate specific claims with each Defendant other than to say they are responsible for his placement in the various county

prisons, and therefore, are responsible for what allegedly has happened to him while confined there.  The general claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants.

    Rule 20 is a flexible rule that allows for fairness and judicial economy.

> Rule 20(a) permits joinder in a singe action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact.  The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1652 at 371-72 (1986).  "Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts . . . have adopted a case by case approach." Id., § 1653 at 382.  When the district court decides whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion.  Chicago, Rock Island & Pac. R.R. Co. v. Williams, 245 F.2d 397, 404 (8th Cir. 1957), cert. denied, 335 U.S. 885 (1957).

    In United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is

strongly encouraged." United Mine Workers of America, 383 U.S. at 724.  "Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy." King v. Ralston Purina Co., 97 F.R.D. 477, 479-80 (W.D. N.C. 1983); see also Lewis v. City of Los Angeles, 5 Fed.Appx. 717, 718 (9th Cir. 2001).

The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20.  While the complaint as drafted is disjointed and confusing, there is no question that many of the allegations set forth by Plaintiff are unrelated and do not satisfy the elements of joinder.  Accordingly, the complaint is subject to sua sponte dismissal by the Court for failure to comply with Rule 20.

Further, the complaint as submitted violates Federal Rule of Civil Procedure 8.  Plaintiff fails to set forth specific allegations of time and place, and the complaint fails to identify the

Defendant(s) allegedly committing the wrongful acts which are the basis of his claims.[2]  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Thus, the complaint precludes a meaningful response from Defendants and it fails to satisfy the notice pleading requirements of Rule 8.  Alston v. Simmon, 363 F.3d 229, 233 (3d Cir. 2004).

Accordingly, the complaint is subject to sua sponte dismissal by the Court for failure to comply with Rules 8 and 20.  Such dismissal will be ordered with leave to file an amended complaint.  See Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988).  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Young v. Keohane, 809 F.Supp. 1185 (M.D. Pa. 1992). Such amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should specify which actions are alleged as to which Defendants, with specificity as to time; it should be signed; and it should set forth a specification of the relief sought.  Further, the claims set forth in the

---

[2] While the complaint names all United States federal officials and several Mongolian officials, as Plaintiff believes them to be ultimately responsible for his incarceration in the prisons where the civil rights violations allegedly occurred, it is clear his claims are against the various county prison employees.  Plaintiff fails to name any such defendants, and sets forth no specifics with regard to each of his Eighth Amendment claims.

amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.  If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this action will be dismissed.  An appropriate Order is attached.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**BATSAIHAN PURVEEGIIN,** :
:
    **Plaintiff,** : CIVIL NO. 3:CV-07-1020
:
  **vs.** : **(JUDGE VANASKIE)**
:
**ALBERTO GONZALES, et al.,** :
:
    **Defendants.** :

# O R D E R

    **NOW, THIS 15th DAY OF NOVEMBER, 2007,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to correct the docket to reflect that this action is one filed pursuant to 42 U.S.C. § 1983.

2. Within thirty (30) days from the date of this Order, Plaintiff shall either submit the required $350.00 filing fee or a completed nonprisoner application to proceed in forma pauperis. The Clerk of Court is directed to provide Plaintiff with the nonprisoner in forma pauperis form. The failure to timely submit either the fee or the form will result in the dismissal of this action without prejudice.

3. Plaintiff's complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.

4. Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure. Failure to submit an amended complaint in accordance with the attached Memorandum

will result in the dismissal of this case.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge