IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN,                    :
                                         :
                    Plaintiff,           :
                                         :
                                         :   CIVIL NO. 3:CV-07-1020
             v.                          :
                                         :   (JUDGE VANASKIE)
ALBERTO GONZALEZ, et al.                 :
                                         :
                    Defendants.          :


MEMORANDUM

Background

       This civil rights action pursuant to 42 U.S.C. § 1983 was filed by Batsaihan Purveegiin, a

former detainee of the United States Bureau of Immigration and Customs Enforcement (BICE).

Shortly after his initiation of this action, Petitioner was removed by BICE to Mongolia. His

present action regards the conditions of his confinement while detained by BICE at the

Lackawanna County Prison, Scranton, Pennsylvania.

       Named as Defendants are various federal government officials as well as Mongolian

officials.  By Memorandum and Order dated November 15, 2007, Plaintiff was granted thirty

(30) days in which to file an amended complaint in accordance with the Federal Rules of Civil

Procedure.  See Dkt. Entry # 5, p. 8, ¶ 4.  The Memorandum warned Plaintiff that failure to

submit an amended complaint would result in dismissal of his case.  See id at p. 7.

       Although the relevant time period has long since passed, Plaintiff has neither submitted

a proposed amended complaint nor filed a proper motion seeking an enlargement of time in which to do so.   The Court acknowledges that during December, 2007, Purveegiin filed an in forma pauperis application accompanied by a  letter addressed to the Clerk of Court which contained an informal request for a sixty (60) day extension of time in which to submit his proposed amended complaint.  See Dkt. Entry # 7.  Despite the fact that Plaintiff did not file a proper request for an extension of time, this Court nonetheless delayed taking action in his case.  Purveegiin, however, has not submitted an amended complaint or made any other filing in this case more almost 18 months.

Discussion

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)(failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).  In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)"[1] when a

---

[1]  Federal Rule of Civil Procedure 41(b) provides in pertinent part:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or of any claim against it.  Unless the

litigant fails to comply with a court order directing him to file an amended complaint.  See

Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must

be considered in determining whether to dismiss a complaint with prejudice for failure to

prosecute:  (1) extent of the party's personal involvement; (2) prejudice to the opposing party by

the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was

wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of

the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir.

1994).

Based upon an application of the Poulis factors, adequate grounds have been

established for the extreme sanction of dismissal.[2]  This conclusion is premised on the following

considerations: (1) Plaintiff is personally responsible for the failure to submit a proposed

amended complaint; (2) the prolonged failure of Purveegiin to either submit a proposed

amended complaint or make any filings whatsoever regarding this matter since December 18,

_____

dismissal order states otherwise, a dismissal under this subdivision (b) ...
operates as an adjudication on the merits.

    [2]  Although Azubuko, 243 Fed. Appx. at 729 recognizes a "balancing under Poulis is
unneccessary" in cases such as the present matter where a litigant's conduct makes
adjudication of the case impossible, other Third Circuit decisions indicates that the Poulis
analysis should be undertaken.  See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d
Cir. 2008)(Poulis factors must be considered before dismissing a case as a sanction for failure
to follow a court order).

2007 supports a finding of dilatoriness and wilful conduct; (3) the obvious prejudice to defendants in having to defend allegations that are now over two years old; (4) other sanctions are not a viable alternative since this action cannot proceed without the submission of a proper amended complaint; and (5) the meritoriousness of the present action is highly questionable in light of Plaintiff's prior unsuccessful assertions of essentially the same litany of claims against multiple defendants at every prison within the Middle District of Pennsylvania where he has been confined.  E.g., Purveegiin v. Duran, No. 3:05-CV-02496 (M.D. Pa.) (Clinton County); Purveegiin v. York County Prison, 06-CV-00524 (M.D. Pa.); Purveegiin v. Pike County Correctional Facility, No. 3:06-CV-0300 (M.D. Pa.) (Pike County).

In conclusion, Plaintiff's prolonged failure to submit an Amended Complaint as mandated by this Court's November 15, 2007 Memorandum and Order warrants dismissal of his action under Azubuko and Poulis.  An appropriate Order will enter.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN,                          :
                                               :
                    Plaintiff,                 :
                                               :    CIVIL NO. 3:CV-07-1020
          v.                                   :
                                               :    (JUDGE VANASKIE)
ALBERTO GONZALEZ, et al.,                      :
                                               :
                    Defendants.                :


## ORDER

_____NOW, THEREFORE,  THIS 23rd DAY OF APRIL, 2009, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

      1.    Plaintiff's action is DISMISSED.

      2.    The Clerk of Court is directed to mark this matter CLOSED.

                                   s/ Thomas I. Vanaskie_____
                                   Thomas I. Vanaskie
                                   United States District Judge