IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN, :
:
Plaintiff, :
: CIVIL NO. 3:CV-07-1020
v. :
: (JUDGE VANASKIE)
ALBERTO GONZALEZ, et al. :
:
Defendants. :

MEMORANDUM

Background

Batsaihan Purveegiin initiated this civil rights action pursuant to 42 U.S.C. § 1983 while in the custody of the United States Bureau of Immigration and Customs Enforcement (ICE).[1] Named as Defendants are various United States and Mongolian officials. His Complaint sought relief on the basis that he was subject to unconstitutional conditions of confinement while detained by ICE at the Lackawanna County Prison, Scranton, Pennsylvania.

By Memorandum and Order dated November 15, 2007, Plaintiff was granted thirty (30) days in which to file an amended complaint in accordance with the Federal Rules of Civil Procedure. (Dkt. Entry # 5, p. 8, ¶ 4.) The Memorandum warned Plaintiff that failure to submit an amended complaint would result in dismissal of his case. See id at p. 7.

---

[1] After this matter was filed, Petitioner was removed by ICE to Mongolia. There is no indication that he has returned to this country.

After Purveegiin's prolonged failure to submit an amended complaint as mandated by this Court's November 15, 2007 Memorandum and Order or make any other filing in this case for almost 18 months, this Court entered an Order on April 23, 2009 dismissing his action for failure to prosecute under the standards announced in Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007), and Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). (Dkt. Entry # 8.)

On May 26, 2009, Purveegiin filed a motion seeking reconsideration of the dismissal of his action and requesting that his case be reopened. (Dkt. Entry # 9.) A supporting brief has not been filed by the Plaintiff and the time period for doing so has expired.

Discussion

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,

99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff's sparsely worded motion asserts that he was removed to Mongolia on February 28, 2007, and that he did not receive this Court's April 23, 2009 Memorandum and Order until May 26, 2009 due to alleged interference by Communist party officials. (Dkt. Entry # 9 at 1.) Due to that delay, he is apparently asking that his case be reopened.

As noted above this Court issued a Memorandum and Order on November 15, 2007, granting Plaintiff thirty (30) days in which to file an amended complaint. Purveegiin clearly received that Memorandum and Order as evidenced by his letter dated December 1, 2007, wherein he requested additional time in which to submit his amended complaint. (Dkt. Entry # 7.) Although Plaintiff was clearly aware of his obligation to file an amended complaint, he offers no explanation as to why he failed to do so or as to his failure to take any action whatsoever with respect to the prosecution of this matter for the ensuing 18 months. Even accepting Plaintiff's assertion that there was a delay in his receipt of the April 23, 2009 Memorandum and Order, said occurrence does not establish cause for his prior prolonged failure to prosecute.

Since Plaintiff's pending request fails to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent, Purveegiin's motion seeking reconsideration and his incorporated request that this matter be reopened will be

denied. An appropriate Order will enter.

                                           s/ Thomas I. Vanaskie
                                           Thomas I. Vanaskie
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN, :
:
        Plaintiff, :
: CIVIL NO. 3:CV-07-1020
    v. :
: (JUDGE VANASKIE)
ALBERTO GONZALEZ, et al., :
:
        Defendants. :

## ORDER

        NOW, THEREFORE, THIS 25th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's motion for reconsideration (Dkt. Entry # 9) is DENIED.

    2.    The Plaintiff's incorporated motion to reopen the case (Dkt. Entry # 9) is DENIED.

                                  s/ Thomas I. Vanaskie
                                  Thomas I. Vanaskie
                                  United States District Judge